# Exhibit A

Approved, SCAO

| | Original – Court<br>1st copy – Defendant | | 2nd copy – Plaintiff<br>3rd copy – Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>**5TH JUDICIAL DISTRICT**<br>**2ND JUDICIAL CIRCUIT**<br>**BERRIEN COUNTY** | **SUMMONS** | 25 - 0375 - PC - L | **CASE NO.** |

Court Address
811 Port Street, St. Joseph, MI 49085-1188 / 1205 North Front Street, Niles, MI 49120-1699

Court telephone no.
(269) 983-7111

Plaintiff's name(s), address(es), and telephone no(s):

David Hughes, an individual/
d/b/a Innworks, LLC, Single member
disregarded Entity
9565 Holden Rd
Berrien, MI 49101

v

Defendant's name(s), address(es), and telephone no(s):

Lending club Bank, N.A.
serve: Corporate Service Company
2626 Glenwood Ave,
Suite 550
Raleigh, NC 27608
1-800-242-0272

Plaintiff's attorney, bar no., address, and telephone no.:

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☒ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Cases**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where it was given case

number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

## SUMMONS

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 12/4/25 | 3/5/26 | | **STACY LOAR-PORTER** |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) SUMMONS

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

DUPLICATE ORIGINAL

IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN
STATE OF MICHIGAN

DAVID HUGHES, an individual

d/b/a INNOVARX, LLC,

a disregarded single-member LLC,

9565 Holden Road

Baroda, Michigan 49101

Telephone: ███-1963

Email: ███@yahoo.com

Plaintiff,

v.

LENDINGCLUB BANK, N.A.,

Serve: Corporation Service Company

2626 Glenwood Avenue, Suite 550

Raleigh, NC 27608

(National Registered Agent)

Defendant.

Case No. 25 - 0375 _PC

Hon. CHARLES T. LASATA

## VERIFIED COMPLAINT AND EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff David Hughes, pro se, alleges:

### JURISDICTION AND VENUE

1. Plaintiff resides at 9565 Holden Road, Baroda, Michigan 49101, Berrien County.
2. Plaintiff is the sole member of InnovaRx, LLC, a disregarded single-member LLC. All funds in the closed account are Plaintiff's personal property.
3. Defendant LendingClub Bank, N.A. is a national bank that does substantial business in Michigan and is subject to personal jurisdiction here.

## FACTUAL ALLEGATIONS

4. On November 24, 2025, Defendant abruptly closed Plaintiff's business checking account containing in excess of $150,000 — the sole source of income supporting Plaintiff, his wife, and their five minor children.

5. The only notice was a single email (Reference # ████0038) delivered exclusively to spam on November 24, 2025. No written notice was ever received by U.S. mail at Plaintiff's registered Michigan address.

6. Defendant claims it mailed a cashier's check and closure notice on November 24, 2025, but has provided **no tracking number, certified mail receipt, or any proof of mailing**. As of December 3, 2025, **nothing has been received.**

7. Plaintiff has repeatedly demanded that Defendant stop payment on the alleged check and wire the full balance to his verified Bluevine account. Defendant has refused.

8. The delay has caused and continues to cause immediate and irreparable harm to Plaintiff and his family.

## COUNT I – CONVERSION

9–12. Defendant has exercised wrongful dominion over Plaintiff's funds in excess of $150,000 by refusing to return them in a commercially reasonable manner and by issuing an untraceable cashier's check.

## COUNT II – BREACH OF DEPOSIT AGREEMENT AND DUTY OF GOOD FAITH

13–16. Defendant breached its Business Deposit Account Agreement by failing to tender funds "promptly" and by an "agreed method" (wire).

## COUNT III – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT (MCL 445.903)

17–20. Defendant's conduct is unfair, unconscionable, and deceptive.

## EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff moves ex-parte for a TRO because irreparable injury is occurring daily, Plaintiff is substantially certain to succeed on the merits, the balance of hardships overwhelmingly favors Plaintiff, and the public interest favors prompt return of consumer funds.

## RELIEF REQUESTED

WHEREFORE Plaintiff demands judgment:

A. Immediate wire transfer of the full balance plus accrued interest

B. Actual damages in excess of $150,000

C. Statutory, treble, and punitive damages

D. Attorney fees and costs (MCL 445.911)

E. Temporary Restraining Order and Preliminary Injunction

Respectfully submitted this 4th day of December, 2025.

/s/ David Hughes

David Hughes, pro se

9565 Holden Road

Baroda, Michigan 49101

███████1963

███████@yahoo.com

**VERIFICATION**

I, David Hughes, declare under penalty of perjury (MCL 750.423) that the foregoing is true and correct to the best of my knowledge.

Executed: December 4, 2025

/s/ David Hughes



Bluevine Inc.

November 28, 2025

Re: InnovaRx, LLC
9565 Holden Road
Baroda, MI 49101

To Whom it May Concern:

This letter confirms the following information regarding the BlueVine Business Checking Account with banking services provided by Coastal Community Bank, Member FDIC for InnovaRx, LLC:

Account #: ████3369
ABA #: ████9019

Should you have any further questions, please do not hesitate to contact our Customer Support team at (888) 216-9619.

Sincerely,

*April Danile*

April Danile
Vice President of Customer Success

FCC Closure Request [Incident: ████████0380]

From:  LendingClub Bank Customer Service (help@bank.lendingclub.com)

To     ████████@yahoo.com

Date   Monday, November 24, 2025 at 10:39 AM EST

## LendingClub

Response By Email (11/24/2025 10:39 AM)

Date: November 24, 2025

Re: Account Closure Notice

Dear Customer,

This is to inform you that LendingClub will no longer be able to serve your banking needs. Your account(s) have been closed effective November 24, 2025.

All banks are required to periodically evaluate their products, services, and customers. Based on each bank's evaluated risks, they may choose to discontinue certain products, services, and in some cases customer relationships. The decision to exit your relationship is based on the bank's overall evaluated risk and not necessarily a reflection of you or your account.

Should you have any additional questions, please contact our Customer Service Team at 800.242.0272.

Sincerely,

Customer Service,

LendingClub Bank

**Question Reference #** ████ 0380

Customer Service
LendingClub
1 Harbor St, Suite 201 | Boston, MA 02210
800.242.0272

**This email was sent by LendingClub Bank, N.A., Member FDIC ("LendingClub Bank").**

**Please note that LendingClub Bank will never ask you to reveal or confirm any personal or account information over email. We value and respect your email privacy.**

**Our mailing address is: LendingClub Bank, N.A., 595 Market Street, Suite #200, San Francisco, CA 94105.**

**"LendingClub" and the "LC" symbol are trademarks of LendingClub Bank, a wholly-owned subsidiary of LendingClub Corporation.**

© 2025 LendingClub Bank. All rights reserved.    EQUAL HOUSING LENDER    FDIC



**Berrien County**
**Trial Court Finance Office**
811 Port St
St Joseph, MI 49085
(269) 983-7111 ex 8820

12/04/2025
Receipt: 251258417
St Joseph Circuit Civil

Name:    HUGHES, DAVID
Case:    DAVID HUGHES vs LENDINGCLUB BANK N.A.
Payor:   David Hughes

| Payment Type | Amount | Reference |
|---|---|---|
| Credit Card | $175.00 | 5578 |

| Case Number | Applied |
|---|---|
| 2025-000375-PC | 175.00 |

Tendered:       175.00
Applied:        175.00

Change:           0.00

**Berrien Co Clerks-Port**
811 Port Street
St. Joseph, MI 49085
269-983-7111

| | | | |
|---|---|---|---|
| Source: | Phone Order (Card Keyed-In) | Authorization: | Paid in Full |
| Order Date/Time: | 12/4/2025 10:10 AM EST | Agency Amount: | $175.00 |
| Order Number: | 212420359 | Other Agency Amount: | $0.00 |
| Operator: | JulieB | Shipping Amount: | $0.00 |
| Location Code: | *******372 | LN Service Fee: | $3.00 |
| | | Total Amount(USD): | $178.00 |

### Payment Information

| | | | |
|---|---|---|---|
| Transaction Type: | Purchase | Expiration | ##/## |
| Card Holder: | David Hughes | Transaction Ref #: | 216412580 |
| Payment Method: | Credit Card (VISA ************5578) | CVV2 Response: | |
| Approval Code: | 01686D | Auth Txn Id #: | 34533854656011 |
| AVS Response: | | Val Code: | 9KMT |

### Merchant Copy

| Agency Amount | Product | Product Detail |
|---|---|---|
| $175.00 | Court Payment | 5578 |

---

**Berrien Co Clerks-Port**
811 Port Street, St. Joseph, MI 49085
269-983-7111
VitalChek Receipt - Phone Order (Card Keyed-In)
Cardholder Copy

| | | | |
|---|---|---|---|
| Order Date/Time: | 12/4/2025 10:10 AM EST | Transaction Type: | Purchase |
| Confirmation Number: | 212420359 | Approval Code: | 01686D |
| Payment Applied towards: | Court Payment | Transaction Ref #: | 216412580 |
| Card Holder: | David Hughes | Payment Method: | VI(5578) |

**Bill To**
David Hughes
United States of America

| | |
|---|---|
| Authorization: | Paid in Full |
| Agency Amount: | $175.00 |
| Other Agency Amount: | $0.00 |
| LN Service Fee: | $3.00 |
| Total Amount(USD): | $178.00 |

Refund Policy: Please contact the agency listed on the receipt to request a refund.

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

| | | |
|---|---|---|
| **DAVID HUGHES, an individual d/b/a** | ) | |
| **INNOVARX, LLC,  a disregarded single-** | ) | |
| **member LLC,** | ) | **Case No. 25-0375-pc** |
| | ) | **Hon. Charles T. Lasata** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LENDINGCLUB BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

BURR & FORMAN LLP
Samuel A. Morris (P76766)
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone (615) 724-3200
Email: smorris@burr.com
*Attorney for Defendant*
*LENDINGCLUB BANK, NATIONAL ASSOCIATION*

**LENDINGCLUB BANK, NATIONAL ASSOCIATION'S ANSWER AND**
**AFFIRMATIVE DEFENSES**

    **COMES NOW** Defendant LendingClub Bank, National Association ("LendingClub" or "Defendant"), by and through undersigned counsel, specifically reserving its right to compel arbitration pursuant to the parties' contractual agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., and submits the following as its Answer and Affirmative Defenses to the Verified Complaint ("Complaint") of David Hughes ("Hughes"):

**JURISDICTION AND VENUE**

    1.    LendingClub is without sufficient knowledge and information as to the allegations in Paragraph 1 and, therefore, denies the same and demands strict proof thereof.

    2.    LendingClub is without sufficient knowledge and information as to the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3.      LendingClub admits only it is a national association and that part of its business involves Michigan consumers. Otherwise, denied.

## FACTUAL ALLEGATIONS

4.      LendingClub denies the allegations in Paragraph 4 and demands strict proof thereof.

5.      LendingClub admits only that the alleged notice email speaks for itself. Otherwise, LendingClub is without sufficient knowledge and information as to the remaining allegations in Paragraph 5 and, therefore, denies the same and demands strict proof thereof.

6.      LendingClub admits only that the cashier's check and closure notice speaks for themselves. LendingClub denies that it has not mailed payments associated with the account closures and denies that such payment has not been received. Otherwise, LendingClub is without sufficient knowledge and information as to the remaining allegations in Paragraph 6 and, therefore, denies the same and demands strict proof thereof.

7.      LendingClub denies the allegations in Paragraph 7 and demands strict proof thereof.

8.      LendingClub denies the allegations in Paragraph 8 and demands strict proof thereof.

## CAUSES OF ACTION

### COUNT I - CONVERSION

9.      LendingClub denies the allegations in Paragraph 9 and demands strict proof thereof.

10.     LendingClub denies the allegations in Paragraph 10 and demands strict proof thereof.

11.     LendingClub denies the allegations in Paragraph 11 and demands strict proof thereof.

12.     LendingClub denies the allegations in Paragraph 12 and demands strict proof thereof.

**COUNT II – BREACH OF DEPOSIT AGREEMENT AND DUTY OF GOOD FAITH**

13.      LendingClub denies the allegations in Paragraph 13 and demands strict proof thereof.

14.     LendingClub denies the allegations in Paragraph 14 and demands strict proof thereof.

15.     LendingClub denies the allegations in Paragraph 15 and demands strict proof thereof.

16.     LendingClub denies the allegations in Paragraph 16 and demands strict proof thereof.

**COUNT III – VIOLATION OF MICHIGAN PROTECTION ACT (MCL 445.903)**

17.      LendingClub denies the allegations in Paragraph 17 and demands strict proof thereof.

18.      LendingClub denies the allegations in Paragraph 18 and demands strict proof thereof.

19.      LendingClub denies the allegations in Paragraph 19 and demands strict proof thereof.

20.      LendingClub denies the allegations in Paragraph 20 and demands strict proof thereof.

## EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

In response to the unnumbered paragraph starting with "Plaintiff moves," LendingClub admits that Plaintiff seeks to move ex-parte for a temporary restraining order but denies that Plaintiff is entitled to such relief and demands strict proof thereof.

## RELIEF REQUESTED

In response to the unnumbered paragraph starting with "WHEREFORE Plaintiff," and its subparts (A) through (E), LendingClub denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief from it.

## AFFIRMATIVE DEFENSES

LendingClub asserts the affirmative defenses set forth below. By designating these defenses as affirmative defenses, LendingClub does not concede that it bears the burden of proof with respect to any of them.

## FIRST DEFENSE

The subject accounts with LendingClub are governed by contracts containing arbitration provisions which require the parties to submit disputes regarding their account to binding arbitration. Thus, and to the extent Plaintiff has standing to assert the claims in this action, any and all claims against LendingClub related to the subject account(s) are subject to binding arbitration. Accordingly, LendingClub expressly reserves the right to compel arbitration of Plaintiff's claims against it pursuant to 9 U.S.C. §§ 1 *et seq.*

## SECOND DEFENSE

Plaintiff's claims fail due to lack of standing, i.e., Plaintiff, individually, is not the accountholder of the account at issue, and Plaintiff cannot represent an LLC *pro se. See Warner Fam. Tr. by Warner v. CF Broad. LLC*, No. 354683, 2021 WL 3117777, at *2 (Mich. Ct. App. July 22, 2021).

## THIRD DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions by LendingClub.

## FOURTH DEFENSE

At all times and under all circumstances relevant to the Complaint, LendingClub acted in good faith and without malice.

## FIFTH DEFENSE

LendingClub pleads the affirmative defense of set-off and/or recoupment any amounts owed to LendingClub, including, but not limited to, any attorney's fees and costs owed under the applicable account agreements.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

Plaintiff has failed to plead some or all of the claims asserted with the specificity required by the governing statute and case law.

## EIGHTH DEFENSE

Plaintiff has not alleged and cannot prove the existence of the requisite conditions precedent to state a claim against LendingClub.

## NINTH DEFENSE

Plaintiff's claims are barred by his and/or its own actions.

## TENTH DEFENSE

Plaintiff's claims are barred due to accord and satisfaction.

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate his and/or its damages, if any.

## TWELFTH DEFENSE

Plaintiff's claims are barred due to his and/or its own breach of contract.

## THIRTEENTH DEFENSE

Any violation of law or damage suffered by Plaintiff, which LendingClub denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give to any liability of LendingClub.

## FOURTEENTH DEFENSE

To the extent Plaintiff's alleged injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which LendingClub had no responsibility or control and for which LendingClub may not be held liable, Plaintiff's claims fail.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands, and/or other equitable doctrines due to Plaintiff's own acquiescence, improper, or bad faith conduct.

## SIXTEENTH DEFENSE

LendingClub denies that it is guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims for punitive damages against LendingClub cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Michigan State Legislature limiting awards of punitive damages or the amount of such damages.

**EIGHTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would violate the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

**NINETEENTH DEFENSE**

LendingClub affirmatively asserts and invokes all defenses available to it under the Michigan Consumer Protection Act.

**RESERVATION OF RIGHTS**

LendingClub reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, LendingClub requests that the Court dismiss Plaintiff's complaint, with prejudice, and award LendingClub its attorney's fees and costs pursuant to the applicable account agreements and any other relief the Court deems proper.

Respectfully submitted this 23rd day of December, 2025.

*/s/ Samuel A. Morris*
Samuel A. Morris, P76766
BURR & FORMAN LLP
222 Second Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Email: smorris@burr.com

*Attorney for Defendant*
LENDINGCLUB BANK, NATIONAL ASSOCIATION

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

| | | |
|---|---|---|
| **DAVID HUGHES, an individual d/b/a** | ) | |
| **INNOVARX, LLC,  a disregarded single-** | ) | |
| **member LLC,** | ) | **Case No. 25-0375-pc** |
| | ) | **Hon. Charles T. Lasata** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LENDINGCLUB BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

BURR & FORMAN LLP
Samuel A. Morris (P76766)
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone (615) 724-3200
Email: smorris@burr.com
*Attorney for Defendant*
*LENDINGCLUB BANK, NATIONAL ASSOCIATION*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this the 23rd day of December, 2025, I served a copy of the foregoing document on the following person(s) by United States mail and/or email:

DAVID HUGHES
9565 HOLDEN ROAD
BARODA, MICHIGAN 49101
*PRO SE*

*/s/ Samuel A. Morris*

# DUPLICATE ORIGINAL

**IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

**STATE OF MICHIGAN**

DAVID HUGHES, an individual
d/b/a INNOVARX, LLC,
a disregarded single-member LLC,
9565 Holden Road
Baroda, Michigan 49101
Telephone: ██████-1963
Email: ████████@yahoo.com
Plaintiff,

v.

LENDINGCLUB BANK, N.A.,
a national banking association,
Defendant.
Case No. 2025-0375-PC
Hon. Charles T. LaSata

## NOTICE OF WITHDRAWAL OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff David Hughes, pro se, hereby withdraws his Motion for Preliminary Injunction and request for hearing filed December 13, 2025, as the principal balance of the closed account has been returned.

The case remains open and proceeds on the regular track for trial by jury on the claims for damages, interest, and costs.

Respectfully submitted this 2nd day of January, 2026

/s/ David Hughes David Hughes, pro se

9565 Holden Road
Baroda, Michigan 49101
(401) 249-1963
hughes.davidc@yahoo.com

**CERTIFICATE OF SERVICE** I certify that on January 2, 2026, I served a copy of this notice on Defendant via email to compliance@lendingclub.com and legal@lendingclub.com.

/s/ David Hughes

## SUPPLEMENTAL BRIEF IN SUPPORT OF EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

**IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

**STATE OF MICHIGAN**

DAVID HUGHES, an individual

d/b/a INNOVARX, LLC,

a disregarded single-member LLC,

9565 Holden Road

Baroda, Michigan 49101

Telephone: ███████-1963

Email: ████████@yahoo.com

Plaintiff,

v.

LENDINGCLUB BANK, N.A.,

a national banking association,

Defendant.

Case No. 2025-000375-PC

Hon. Charles T. LaSata

**SUPPLEMENTAL BRIEF IN SUPPORT OF EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff David Hughes, pro se, submits this supplemental brief to provide additional legal authority in support of his ex-parte motion for a temporary restraining order (TRO) under MCR 3.310. This brief addresses the requirements for granting a TRO, including irreparable harm, likelihood of success on the merits, balance of hardships, and public interest. It responds to the Court's request for research and demonstrates that Plaintiff's situation—Defendant's wrongful withholding of funds in excess of $150,000, the sole source of income for a family of seven, with no check received after 16 days and bounced utility bills—warrants immediate injunctive relief to order a wire transfer of the funds to Plaintiff's verified Bluevine account.

## I. FACTUAL BACKGROUND

As set forth in the Verified Complaint, on November 24, 2025, Defendant abruptly closed Plaintiff's business checking account containing funds in excess of $150,000 without proper

notice. The only notice was a single email delivered to spam (Exhibit B to Complaint). Defendant claims it mailed a cashier's check on November 24, 2025, but has provided no tracking, certified mail receipt, or proof of mailing. As of December 10, 2025, no check or notice has been received at either Plaintiff's Michigan residence (9565 Holden Road, Baroda, MI 49101) or business address (1107 Wallace Drive, Delray Beach, FL 33444). An affidavit from Christina Dixon, CPht, Executive Administrative Assistant at the Florida address, confirms no items from Defendant have arrived (attached as Exhibit A hereto).

This delay has caused bounced utility bills and living expenses, creating immediate financial hardship for Plaintiff, his wife, and their five minor children. Defendant has refused repeated demands for a wire transfer to Plaintiff's verified Bluevine account (Exhibit A to Complaint). The summons and complaint were served on Defendant's registered agent on December 4, 2025, and a CFPB complaint was filed on December 9, 2025, with no response from Defendant.

## II. LEGAL ARGUMENT

Under MCR 3.310(B), a TRO is warranted if Plaintiff shows (1) immediate irreparable injury absent relief, (2) likelihood of success on the merits, (3) balance of hardships favoring Plaintiff, and (4) public interest supporting the injunction. Michigan case law confirms these factors are met here.

### A. Immediate Irreparable Harm

Plaintiff will suffer irreparable harm without a TRO, as the ongoing withholding of funds causes non-compensable injury. In *Michigan AFSCME Council 25 v. Woodhaven-Brownstown School Dist. (On Remand), 293 Mich. App. 308, 809 N.W.2d 683 (2011)*, the Court held that irreparable harm requires a "particularized" showing of "non-compensable injury," such as ongoing economic loss without adequate legal remedy. Here, the frozen funds are Plaintiff's sole income, leading to bounced utilities and family distress—harm that mere future damages cannot fully compensate, especially during holidays.

Similarly, in *Pontiac Info. Sys., Inc. v. Regents of Univ. of Michigan, 197 Mich. App. 670, 496 N.W.2d 199 (1993)*, the Court granted a TRO for a contract breach causing liquidity crisis, noting harm is irreparable if delay risks "immediate economic injury." Defendant's untracked hold creates such risk, with no check arriving after 16 days—far beyond reasonable tender.

Finally, *Tchakarova v. Ford Motor Co., 498 Mich. 965, 872 N.W.2d 298 (2015)* distinguishes speculative harm from actual injury; Plaintiff's affidavits and bounced bills prove concrete, immediate loss, not speculation.

### B. Likelihood of Success on the Merits

Plaintiff is likely to succeed on conversion (wrongful dominion over funds via untracked hold), breach of deposit agreement (failure to tender "promptly" and by "agreed method"), and MCPA (unfair practices). The Dixon affidavit confirms no mailing receipt, supporting these claims.

## C. Balance of Hardships

The balance favors Plaintiff: No prejudice to Defendant in wiring Plaintiff's own funds, while denial risks family eviction/credit ruin. As in *Great Lakes Soc'y v. Georgetown Twp., 2023 WL 2714050 (Mich. Ct. App. Mar. 30, 2023)* (unpublished), the status quo is preserved by injunction when withholding causes compounding harm.

## D. Public Interest

Public interest favors consumer protection from bank delays, as in *In re Forfeiture of $176,598, 2009 WL 2602449 (Mich. Ct. App. Aug. 25, 2009)* (unpublished), where TROs prevented "indefinite inaccessibility" of funds.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant the TRO and order immediate wire transfer of the funds plus prejudgment interest under MCL 600.6013.

Respectfully submitted this 10th day of December, 2025.

/s/ David Hughes

David Hughes, pro se

9565 Holden Road Baroda, Michigan 49101

(401) 249-1963

hughes.davidc@yahoo.com

## VERIFICATION

I, David Hughes, declare under penalty of perjury (MCL 750.423) that the foregoing is true and correct to the best of my knowledge.

Executed: December 10, 2025

/s/ David Hughes

**Exhibit A: Affidavit of Christina Dixon** (attached)

**Exihibit B: Bounced Utility Bills**

**Exhibit C: Proof of Service**

**PROPOSED ORDER**

IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN

STATE OF MICHIGAN

**ORDER GRANTING EX-PARTE TEMPORARY RESTRAINING ORDER**

Upon review of Plaintiff's verified complaint and motion,

IT IS ORDERED:

1. Defendant shall, **within 24 hours of service**, wire the entire balance of the closed account plus accrued interest to the Bluevine account listed in Exhibit A.
2. Bond is waived.
3. This Order expires 14 days after entry unless extended.


Date: _____

**IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

**STATE OF MICHIGAN**

DAVID HUGHES, an individual

d/b/a INNOVARX, LLC,

a disregarded single-member LLC,

9565 Holden Road

Baroda, Michigan 49101

Telephone: ███████-1963

Email: ██████████@yahoo.com

Plaintiff,

v.

LENDINGCLUB BANK, N.A.,

a national banking association,

Defendant.

Case No. 2025-000375-PC

Hon. Charles T. LaSata

## BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff David Hughes, pro se, moves for a preliminary injunction under MCR 3.310(A) requiring Defendant to immediately wire the closed-account balance (in excess of $150,000) plus statutory prejudgment interest (MCL 600.6013) to Plaintiff's verified Bluevine account.

**I. FACTUAL BACKGROUND** On November 24, 2025, Defendant closed Plaintiff's business account containing his family's sole income. Defendant has repeatedly failed to return the funds: • Claimed a check was mailed 11/24/2025 — no tracking, never received (18+ days). • Promised overnight UPS on 12/10/2025 — only a label was created; UPS never received the package (tracking attached). • This has caused bounced utilities, late fees, and severe hardship for Plaintiff, his wife, and five minor children (statements and affidavits attached).

**II. LEGAL STANDARD** A preliminary injunction is warranted when (1) irreparable injury will occur without relief, (2) plaintiff is likely to prevail on the merits, (3) the balance of hardships favors plaintiff, and (4) the public interest is served. MCR 3.310(A); Detroit Fire Fighters Ass'n v City of Detroit, 482 Mich 18 (2008).

**III. ALL FOUR FACTORS ARE SATISFIED** A. Irreparable Injury Plaintiff has shown actual, non-compensable harm: bounced utilities, ongoing daily financial distress, and family hardship. Thermatool Corp v Borzym, 227 Mich App 366 (1998) requires injury that is "certain and great" and not merely economic. Bounced bills and the risk of utility shut-off during winter meet this standard. Pontiac Info. Sys., Inc. v Regents of Univ. of Michigan, 197 Mich App 670 (1993).

B. Likelihood of Success on the Merits Plaintiff is substantially certain to prevail on conversion (wrongful dominion via untracked/phantom shipments), breach of deposit agreement (failure to tender promptly and by agreed method), and MCPA violations (unfair practices).

C. Balance of Hardships No prejudice to Defendant in wiring Plaintiff's own funds; denial risks family destitution.

D. Public Interest The public interest favors prompt return of consumer funds and discourages banks from using untracked mailings and fake shipment labels to delay returns.

**IV. CONCLUSION** Plaintiff respectfully requests a preliminary injunction ordering immediate wire transfer of the full balance plus interest.

Respectfully submitted this 12th day of December, 2025.

/s/ David Hughes David Hughes, pro se 9

565 Holden Road

Baroda, Michigan 49101

-1963

@yahoo.com

**AFFIDAVIT OF DAVID HUGHES IN SUPPORT OF MOTION FOR RECONSIDERATION**

STATE OF MICHIGAN COUNTY OF BERRIEN

I, David Hughes, declare under penalty of perjury (MCL 750.423):

1. I am Plaintiff in Case 2025-000375-PC.
2. Since the December 9 Order, Defendant's withholding caused actual harm: Bounced utility bill and grocery payments unable to be made, risking shutoff for my wife and 5 minor children (ages 4 months (███████████, 2yo (████████), 4yo. (███████ ████)
3. This is certain/great harm—not theoretical—as funds are inaccessible 16+ days post-closure.

Executed: December 10, 2025

_____

David C. Hughes

_____

Sworn to and subscribed before me this _____ day of December, 2025.

_____ Notary Public

My Commission Expires: _____

**AFFIDAVIT OF DAVID HUGHES IN SUPPORT OF MOTION FOR
RECONSIDERATION**

STATE OF MICHIGAN COUNTY OF BERRIEN

I, David Hughes, declare under penalty of perjury (MCL 750.423):

1. I am Plaintiff in Case 2025-000375-PC.
2. Since the December 9 Order, Defendant's withholding caused actual harm: Bounced utility bill and grocery payments unable to be made, risking shutoff for my wife and 5 minor children (ages 4 months (█████████), 2yo (█████████), 4yo. (█████████)
3. This is certain/great harm—not theoretical—as funds are inaccessible 16+ days post-closure.

Executed: December 10, 2025

*David Charles Hughes*

David C. Hughes

---

STATE OF TEXAS    COUNTY OF FORT BEND

Sworn to and subscribed before me this 10th day of December, 2025.

*Brenda T Campbell* Notary Public

BRENDA T CAMPBELL

My Commission Expires: 09/15/2027



NOTARY PUBLIC STATE OF TEXAS

**BRENDA T CAMPBELL**

ID NUMBER
804240
COMMISSION EXPIRES
September 15, 2027

Electronically signed and notarized online using the Proof platform.



HelpWithMyBank.gov

🕐　Form will expire after 30 minutes of inactivity.

# CUSTOMER COMPLAINT FORM

OMB Control No. 1557-0232 Expiration Date: 09/30/2027

Please fill in this form completely. You will receive an e-mail containing your assigned case number within 2 business days if a case is created. Please keep your case number for future contact with our office. You will have the option to PRINT the form prior to submission.

The OCC recommends that you attempt to resolve your complaint with your financial institution first. Please contact your financial institution to allow them the opportunity to resolve your issue(s).

Helpful Hints:

- **Check to make sure that your financial institution is a national bank or federal savings association (thrift).** Search Financial Institutions, (a new browser window will open). If you do not know the name of your financial institution, check your bank or credit card statement. The institution's name will be indicated on the statement.

- If your complaint involves more than one financial institution, you will need to submit a separate complaint form for each institution involved. You will receive separate case numbers for each institution. **Do NOT send additional information unless requested.**

- **You should NOT fax, or mail a complaint in addition to this online submission**. Only ONE form should be submitted unless your complaint

involves more than one financial institution.

- **The online form is subject to a 30-minute user time limitations for security purposes**. If your session exceeds the limitations, any information you have entered will be lost. To avoid this, gather all necessary information prior to entering the form.

Please Note:

- We cannot act as a court of law or as a lawyer on your behalf
- We cannot give you legal advice
- We cannot become involved in complaints that are in litigation or have been litigated

Prior to submitting the form, it is recommended that submitters print the form for their records. To print, either select the Print option from your internet browser or click the Print link above the Submit button.

The estimated burden for this collection of information is 30 minutes, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. You are not required to respond to any collection of information unless it displays a currently valid OMB approval number. Comments or questions on the burden estimate, or any other aspect of this collection of information, can be sent to Office of the Comptroller of the Currency, Chief Counsel's Office, Attn: Comment Processing, 400 7th Street, SW, Washington, DC 20219 and/or Office of Management and Budget, Desk Officer for the Office of the Comptroller of the Currency, New Executive Office Building, Room 10202, Washington, DC 20503.

**\*** Have you tried to resolve your complaint with your financial institution?

Yes

# Consumer Information ❓

**\*** First Name

David

Middle Name

Charles

**\*** Last Name

Hughes

Business Name

InnovaRx, LLC

**\*** Country

ⓘ  United States of America

**\*** Street Address

9565 Holden Rd

**\*** Zip Code ❓

49101

**\*** City

BARODA

**\*** State or Territory

MI

**\*Phone** 

Enter a 10-digit North American phone number in any accepted format, or a valid international phone number with country code.

*e.g.*, **(999) 999-9999** or **999-999-9999** or **9999999999** or **+44 9999 999999**

████1963

**\*Email** ❓

Sample - *username@name.domain* ✖

████@yahoo.com

**\*Enter your email once more for verification** ❓

████@yahoo.com

# Representative Contact Information

If you want us to communicate with your attorney or other legal representative directly, please provide the information below.



**Your submission of this portion of the form authorizes our office to release information to your attorney or other legal representative if requested.  Please submit a copy of any documentation of authorized representation with your complaint.** ✖

**\*Relationship**

Not Applicable (Skip this section)

# Financial Institution or Company Information that is subject of the complaint

**\*** Name of the Financial Institution or Company ❓

> If you do not know the name of your financial institution, check your bank or credit card statement. The institution's name will be indicated on the statement. ✖

LendingClub Bank, N.A.

Street Address

2701 N Thanksgiving Way, Suite 300

Zip Code ❓

84043

**\*** City

LEHI

**\*** State

UT

Phone ❓

> Enter a 10-digit North American phone number in any accepted format, or a valid international phone number with country code. ✖
>
> *e.g.*, **(999) 999-9999** or **999-999-9999** or **9999999999** or **+44 9999 999999**

8002420272

**\*** Types of Accounts ❓

> Select all that apply.
> If you are unsure of the type of account(s), please contact your financial institution for assistance. ✖

✖ Deposit Accounts (Checkings, Savings)

Have you tried to resolve your complaint with your financial institution?

Yes

If yes, when?

2024-11-29 📅

If yes, how? ❓

✖ Phone  ✖ Mail

Has financial institution responded to your complaint?

No

\* Complaint Information ❓

Describe events in the order they occurred, including any names, phone numbers, and a full description of the problem with the amount(s) and date(s) of any transaction(s). Be as brief and complete as possible to make the explanation clear. **Do not include personal or confidential information such as your social security number, complete 16 digit credit card number(s), or full bank account number(s).**  ✖

**For complaints related to prepaid cards including gift, reward, and promotional cards, please include the first 6 digits of the card number and the name of the issuing bank listed on the back of the card.**

Maximum of **4000** characters allowed.

Please be advised that the issues described in this complaint will be shared with the financial institution or company in question.

LendingClub Bank, N.A.
2701 N Thanksgiving Way, Suite 300
Lehi, UT 84043
Account closed November 24, 2025 (Reference # ████████0038) with balance in excess of $150,000 — the sole source of income for my family of seven (wife and five

excess of $150,000 — the sole source of income for my family of seven (wife and five minor children).

Despite repeated demands for a wire transfer to my verified Bluevine account (letter attached), LendingClub has engaged in an ongoing pattern of delay:

1.  Claimed a cashier's check was mailed November 24, 2025 — no tracking number or proof of mailing provided. As of December 11, 2025 (18 days later), nothing has been received at either my Michigan residence or Florida business address (affidavit of non-receipt attached).

2.  On December 10, 2025, a representative stated a check was being overnighted via UPS. A tracking number was generated (1Z4386510194017763), but UPS never received the package — only a label was created (UPS status screenshot attached). This is the second instance of a promised shipment that never occurred.

3.  These delays have caused bounced utility payments, late fees, and severe financial hardship (redacted statements attached).

Michigan lawsuit filed December 4, 2025 (Case 2025-000375-PC, Berrien County Circuit Court) for conversion, breach of deposit agreement, and Michigan Consumer Protection Act violations. TRO motion denied December 9, 2025; motion for reconsideration filed December 10, 2025 with new evidence of actual harm.

CFPB complaint already filed and referred to OCC on December 9, 2025.

This appears to be a systemic practice — BBB shows over 410 complaints in 2025 alone involving untracked or undelivered closure checks, with many customers waiting weeks for funds.

I request OCC intervention to compel immediate wire transfer of the full balance plus prejudgment interest under Michigan law (MCL 600.6013, approximately 5.083%) and investigation into LendingClub's unsafe and unsound practices regarding return of closed-account funds.

Attachments:

- Summons and Verified Complaint (Case 2025-000375-PC)
- LendingClub closure email (spam delivery)
- Bluevine verification letter and wiring instructions
- UPS "label created only" screenshot
- Affidavit of non-receipt (Christina Dixon)
- Redacted bounced bill statements

Thank you.

David Hughes

1963

@yahoo.com

# Attestation

**Certification** ❓

## Privacy Act Statement    ✖

The information you provide to the Office of the Comptroller of the Currency (OCC) will permit us to respond to your complaint or inquiry about the national banks or federal savings associations (thrifts) we supervise.

The collection of this information is authorized by 12 USC 1.

Your submission of information to the OCC is entirely voluntary. You are not required to submit any information or to submit a complaint. However, if you do not submit the requested information, the OCC may not be able to process your request or inquiry.

Information about your complaint or inquiry will be used within the OCC and provided to the national bank or federal savings association (thrift) that is the

provided to the national bank or federal savings association (bank) that is the subject of the complaint or inquiry. Additionally, this information may be shared with the following, pursuant to published routine uses:

(1) other third parties when required or authorized by statute or when necessary in order to obtain additional information relating to the complaint or inquiry;

(2) other governmental, self-regulatory, or professional organizations

(a) having jurisdiction over the subject matter of the complaint or inquiry;

(b) having jurisdiction over the entity that is the subject of the complaint or inquiry; or

(c) whenever such information is relevant to a known or suspected violation of law or licensing standard for which another organization has jurisdiction;

(3) the Department of Justice, a court, an adjudicative body, a party in litigation, or a witness when relevant and necessary to a legal or administrative proceeding;

(4) a Congressional office when the information is relevant to an inquiry initiated on behalf of its provider;

(5) other governmental or tribal organizations with which an individual has communicated regarding a complaint or inquiry about an OCC-regulated entity;

(6) OCC contractors or agents when access to such information is necessary; and

(7) other third parties when required or authorized by statute.

You may find additional information regarding the rights and obligations related to the OCC's collection of the requested information at 81 FR 2945-01, 2957 (PDF).

🔘 I Certify    ⚪ I Do Not Certify

Upload Files

🚫 SUPPLEMENTAL BRIEF Case 2025-000375-PC.pdf
🚫 HUGHES_v_LendingClub_Summons_Filed_12082025.pdf

**Customer Assistance:** 1-800-613-6743
Monday - Friday, 7:00 am - 7:00 pm CT

**HelpWithMyBank.gov** provides information and assistance for customers of national banks and federal savings associations. We're here to help!

**IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

**STATE OF MICHIGAN**

DAVID HUGHES, an individual

d/b/a INNOVARX, LLC,

a disregarded single-member LLC,

9565 Holden Road

Baroda, Michigan 49101

Telephone: ███-1963

Email: ███████@yahoo.com

Plaintiff,

v.

LENDINGCLUB BANK, N.A.,

a national banking association,

Defendant.

Case No. 2025-000375-PC

Hon. Charles T. LaSata

## BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff David Hughes, pro se, moves for a preliminary injunction under MCR 3.310(A) requiring Defendant to immediately wire the closed-account balance (in excess of $150,000) plus statutory prejudgment interest (MCL 600.6013) to Plaintiff's verified Bluevine account.

**I. FACTUAL BACKGROUND** On November 24, 2025, Defendant closed Plaintiff's business account containing his family's sole income. Defendant has repeatedly failed to return the funds: • Claimed a check was mailed 11/24/2025 — no tracking, never received (18+ days). • Promised overnight UPS on 12/10/2025 — only a label was created; UPS never received the package (tracking attached). • This has caused bounced utilities, late fees, and severe hardship for Plaintiff, his wife, and five minor children (statements and affidavits attached).

**II. LEGAL STANDARD** A preliminary injunction is warranted when (1) irreparable injury will occur without relief, (2) plaintiff is likely to prevail on the merits, (3) the balance of hardships favors plaintiff, and (4) the public interest is served. MCR 3.310(A); Detroit Fire Fighters Ass'n v City of Detroit, 482 Mich 18 (2008).

**III. ALL FOUR FACTORS ARE SATISFIED** A. Irreparable Injury Plaintiff has shown actual, non-compensable harm: bounced utilities, ongoing daily financial distress, and family hardship. Thermatool Corp v Borzym, 227 Mich App 366 (1998) requires injury that is "certain and great" and not merely economic. Bounced bills and the risk of utility shut-off during winter meet this standard. Pontiac Info. Sys., Inc. v Regents of Univ. of Michigan, 197 Mich App 670 (1993).

B. Likelihood of Success on the Merits Plaintiff is substantially certain to prevail on conversion (wrongful dominion via untracked/phantom shipments), breach of deposit agreement (failure to tender promptly and by agreed method), and MCPA violations (unfair practices).

C. Balance of Hardships No prejudice to Defendant in wiring Plaintiff's own funds; denial risks family destitution.

D. Public Interest The public interest favors prompt return of consumer funds and discourages banks from using untracked mailings and fake shipment labels to delay returns.

**IV. CONCLUSION** Plaintiff respectfully requests a preliminary injunction ordering immediate wire transfer of the full balance plus interest.

Respectfully submitted this 12th day of December, 2025.

/s/ David Hughes David Hughes, pro se 9

565 Holden Road

Baroda, Michigan 49101

-1963

@yahoo.com

## SUPPLEMENTAL BRIEF IN SUPPORT OF EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

**IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

**STATE OF MICHIGAN**

DAVID HUGHES, an individual

d/b/a INNOVARX, LLC,

a disregarded single-member LLC,

9565 Holden Road

Baroda, Michigan 49101

Telephone: ███████-1963

Email: █████████@yahoo.com

Plaintiff,

v.

LENDINGCLUB BANK, N.A.,

a national banking association,

Defendant.

Case No. 2025-000375-PC

Hon. Charles T. LaSata

**SUPPLEMENTAL BRIEF IN SUPPORT OF EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff David Hughes, pro se, submits this supplemental brief to provide additional legal authority in support of his ex-parte motion for a temporary restraining order (TRO) under MCR 3.310. This brief addresses the requirements for granting a TRO, including irreparable harm, likelihood of success on the merits, balance of hardships, and public interest. It responds to the Court's request for research and demonstrates that Plaintiff's situation—Defendant's wrongful withholding of funds in excess of $150,000, the sole source of income for a family of seven, with no check received after 16 days and bounced utility bills—warrants immediate injunctive relief to order a wire transfer of the funds to Plaintiff's verified Bluevine account.

### I. FACTUAL BACKGROUND

As set forth in the Verified Complaint, on November 24, 2025, Defendant abruptly closed Plaintiff's business checking account containing funds in excess of $150,000 without proper

notice. The only notice was a single email delivered to spam (Exhibit B to Complaint). Defendant claims it mailed a cashier's check on November 24, 2025, but has provided no tracking, certified mail receipt, or proof of mailing. As of December 10, 2025, no check or notice has been received at either Plaintiff's Michigan residence (9565 Holden Road, Baroda, MI 49101) or business address (1107 Wallace Drive, Delray Beach, FL 33444). An affidavit from Christina Dixon, CPht, Executive Administrative Assistant at the Florida address, confirms no items from Defendant have arrived (attached as Exhibit A hereto).

This delay has caused bounced utility bills and living expenses, creating immediate financial hardship for Plaintiff, his wife, and their five minor children. Defendant has refused repeated demands for a wire transfer to Plaintiff's verified Bluevine account (Exhibit A to Complaint). The summons and complaint were served on Defendant's registered agent on December 4, 2025, and a CFPB complaint was filed on December 9, 2025, with no response from Defendant.

## II. LEGAL ARGUMENT

Under MCR 3.310(B), a TRO is warranted if Plaintiff shows (1) immediate irreparable injury absent relief, (2) likelihood of success on the merits, (3) balance of hardships favoring Plaintiff, and (4) public interest supporting the injunction. Michigan case law confirms these factors are met here.

### A. Immediate Irreparable Harm

Plaintiff will suffer irreparable harm without a TRO, as the ongoing withholding of funds causes non-compensable injury. In *Michigan AFSCME Council 25 v. Woodhaven-Brownstown School Dist. (On Remand), 293 Mich. App. 308, 809 N.W.2d 683 (2011)*, the Court held that irreparable harm requires a "particularized" showing of "non-compensable injury," such as ongoing economic loss without adequate legal remedy. Here, the frozen funds are Plaintiff's sole income, leading to bounced utilities and family distress—harm that mere future damages cannot fully compensate, especially during holidays.

Similarly, in *Pontiac Info. Sys., Inc. v. Regents of Univ. of Michigan, 197 Mich. App. 670, 496 N.W.2d 199 (1993)*, the Court granted a TRO for a contract breach causing liquidity crisis, noting harm is irreparable if delay risks "immediate economic injury." Defendant's untracked hold creates such risk, with no check arriving after 16 days—far beyond reasonable tender.

Finally, *Tchakarova v. Ford Motor Co., 498 Mich. 965, 872 N.W.2d 298 (2015)* distinguishes speculative harm from actual injury; Plaintiff's affidavits and bounced bills prove concrete, immediate loss, not speculation.

### B. Likelihood of Success on the Merits

Plaintiff is likely to succeed on conversion (wrongful dominion over funds via untracked hold), breach of deposit agreement (failure to tender "promptly" and by "agreed method"), and MCPA (unfair practices). The Dixon affidavit confirms no mailing receipt, supporting these claims.

**C. Balance of Hardships**

The balance favors Plaintiff: No prejudice to Defendant in wiring Plaintiff's own funds, while denial risks family eviction/credit ruin. As in *Great Lakes Soc'y v. Georgetown Twp., 2023 WL 2714050 (Mich. Ct. App. Mar. 30, 2023)* (unpublished), the status quo is preserved by injunction when withholding causes compounding harm.

**D. Public Interest**

Public interest favors consumer protection from bank delays, as in *In re Forfeiture of $176,598, 2009 WL 2602449 (Mich. Ct. App. Aug. 25, 2009)* (unpublished), where TROs prevented "indefinite inaccessibility" of funds.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant the TRO and order immediate wire transfer of the funds plus prejudgment interest under MCL 600.6013.

Respectfully submitted this 10th day of December, 2025.

/s/ David Hughes

David Hughes, pro se

9565 Holden Road Baroda, Michigan 49101

██████-1963

███████@yahoo.com

**VERIFICATION**

I, David Hughes, declare under penalty of perjury (MCL 750.423) that the foregoing is true and correct to the best of my knowledge.

Executed: December 10, 2025

/s/ David Hughes

**Exhibit A: Affidavit of Christina Dixon** (attached)

**Exihibit B: Bounced Utility Bills**

**Exihibit C: Proof of Service**

**EXHIBIT A**

# AFFIDAVIT OF NON-RECEIPT OF MAIL

**STATE OF FLORIDA COUNTY OF PALM BEACH**

Before me, the undersigned notary public, this day personally appeared **Christina Dixon, CPht**, who, being duly sworn according to law, deposes and says:

1. My name is Christina Dixon, CPht. I am over the age of 18 years, of sound mind, and competent to make this affidavit.
2. I am employed as Director of Sterile Processing and Executive Administrative Assistant to Dr. David Hughes, PharmD, at the business located at **1107 Wallace Drive, Delray Beach, FL 33444**.
3. In my capacity, I am responsible for receiving, sorting, and distributing all mail and parcels delivered to the business address at **1107 Wallace Drive, Delray Beach, FL 33444** on all business days.
4. I personally receive and process all incoming mail and parcels at this address, and I am familiar with the regular procedures for mail delivery and handling.
5. As of **December 08, 2025**, no checks, cashier's checks, closure notices, letters, or any other correspondence or items of any kind from LendingClub Bank, N.A. (or formerly Radius Bank) have been received at this address for InnovaRx, LLC, David Hughes, or any related entity or individual.
6. I have checked all mail logs, packages, and delivery records, and confirm that nothing matching this description has arrived.
7. I make this affidavit based on my personal knowledge and in support of Case No. 2025-000375-PC pending in the Circuit Court for the County of Berrien, State of Michigan.

Signature: _Christina Dixon_    Date: 12/08/2025

Christina Dixon, CPhT.

FURTHER AFFIANT SAYETH NAUGHT.

_CD_    Christina Dixon, CPht

Sworn to and subscribed before me this __8th__ day of December, 2025.

_Evelyn Quiam_ Notary Public My Commission Expires: __08/30/2028__ (Seal)

> **NOTARY PUBLIC · STATE OF TEXAS**
> **Evelyn Quiam**
> ID NUMBER
> 135068236
> COMMISSION EXPIRES
> **August 30, 2028**

Electronically signed and notarized online using the Proof platform.

**EXHIBIT B**

## I&M Payment Returned

From: Indiana Michigan Power (communications@aep-email.com)

To: ██████@yahoo.com

Date: Friday, December 5, 2025 at 08:15 AM EST



## Your payment was returned.



**Service Address**: 9565 H***, Baroda, MI

**Account ending in**: ***810-2-9



Your recent payment of **$487.23** was returned which added a **$20.00** returned payment fee to your balance.

Please pay your total balance as soon as possible.

Personal checks can't be accepted if there have been any returned checks in the last 6 months. You can always pay by certified check or money order. Cash payments are accepted at authorized payment centers.

Credit or debit card payments are accepted if there have been no credit or debit card returns on your account.

Pay bill

Thank you for being our customer.

Sincerely,
I&M Customer Service Team



**Download our app**

Manage Preferences    Contact Us    Unsubscribe

We respect your right to privacy. View our policy

Indiana Michigan Power, 110 E. Wayne St., Fort Wayne, IN 46802, USA  |  View payment address

You received this email because you are signed up for email alerts. Please do not reply to this email. Replies go to an unmonitored inbox.

DAVID, there was a problem receiving your payment.

| | |
|---|---|
| From: | Verizon Wireless (vzwmail@ecrmemail.verizonwireless.com) |
| To: | ████████@YAHOO.COM |
| Date: | Saturday, December 6, 2025 at 02:42 PM EST |



**Shop**     **Support**     **My Verizon**

# We couldn't process your payment.

Hi DAVID,

Your payment of $204.84 scheduled on December 6, 2025 wasn't approved with the information provided. Please make a payment to avoid a late fee and a possible service interruption.

**Pay bill now**

Please note, we may attempt to process your payment again in 72 hours.

| Manage Auto Pay | > | Shop deals | > |
|---|---|---|---|

**Phones   Tablets   Accessories   Plans   myAccess   Stores   My Verizon App**

© 2025 Verizon

This email was sent to HUGHES.DAVIDC@YAHOO.COM. We respect your privacy. Please review our <u>Privacy Policy</u>. If you think this email was sent in error or you'd like to update your contact information, please visit our <u>preference center</u>.

Verizon, One Verizon Way, Mail Code: 180WVB, Basking Ridge, NJ 07920

**EXHIBIT C**

| STATE OF MICHIGAN<br>2nd Circuit<br><br>County of Berrien | **PROOF OF SERVICE** | **CASE NO.**<br>25-0375-PC |
|---|---|---|

| **Court address** | **Court telephone no.** |
|---|---|
| 811 Port St, St. Joseph, MI 49085 | 269-983-7111 ext:8382 |

| Plaintiff name(s)<br><br>**David Hughes; InnovaRx, LLC**<br><br><br>**c/o Attorney** | Defendant name(s)<br><br>**LendingClub Bank, N.A.**<br><br>**2626 Glenwood Ave Ste 550**<br>**Raleigh, NC 27608** |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*
**David Hughes** <██████@yahoo.com>
**9565 Holden Rd**
**Baroda, MI 49101**
      TELEPHONE  NO.: ████1963      FAX NO.
E-MAIL ADDRESS *(Optional):*
      ATTORNEY FOR *(Name):*    **David Hughes; InnovaRx, LLC**

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of corporate party (MCR 2.103[A]), and that:

On Friday, the 5th day of December, 2025 at 12:49 PM: I personally served Complaint; Summons upon LENDINGCLUB BANK, N.A c/o Corporate Service Company) at 2626 Glenwood Ave Ste 550, Raleigh, NC 27608 by serving 1 true and correct copy(ies) thereof, with LENDINGCLUB BANK, N.A c/o Corporate Service Company. I delivered the documents to Deb Fylak who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 45-55 years of age, 5'4"-5'6" tall and weighing 120-140 lbs.

 I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Gps fee<br>$ 0.00 | Photo fee<br>$ 0.00 | Postal fee<br>$ 0.00 | |
|---|---|---|---|
| Service fee<br>$ 170.00 | Miles traveled<br>0.0 | Fee<br>$ 0.00 | **TOTAL FEE**<br>$ 170.00 |

*Laura Bartlett*
_____
Signature

Laura Anne Bartlett
_____
Name (type or print)

Process Server
_____
Title




ORIGINAL PROOF OF
SERVICE

Tracking #: **0197980809**

| Source | Total Complaints (Banking/Closure Related) | Key Themes | Resolution Rate/Notes |
|---|---|---|---|
| **BBB** | 1,155 total (410 in 2025); ~20–30% on closures/delays | Untracked checks "mailed" but lost; 2–4 week holds; "system delay" excuses. Examples: $187k closure (Jul 2025)—waited 18 days, reissued after BBB; fraud closure (Feb 2025)—delayed 2 weeks, no tracking. | 80%+ resolved after mediation (often wires); A+ rating but docked for unresolved delays. |
| **CFPB** | ~150+ closure-related since 2022; spikes in Q3–Q4 2025 | Funds withheld post-closure; untracked checks; delays 10–30 days. Resolutions: 80%+ with wires after referral to OCC. | Referred to OCC in high-volume cases; entered in Consumer Sentinel for investigations. |
| **PissedConsumer** | 626 total reviews (40% banking) | "Closed for risk—'mailed' check never arrived"; 3-week waits; "predatory hold." | Low rating; users report wires only after CFPB. |
| **Reddit/Forums** | Dozens of threads (r/personalfinance, r/banking) | "HYSA frozen post-merger; check 'mailed' 11/24/24—nothing after 20 days"; escheatment threats. | Resolved via CFPB/OCC; accusations of "float tactic" (bank earns interest on held funds). |

| STATE OF MICHIGAN | | |
|---|---|---|
| 8th **JUDICIAL DISTRICT**<br>2nd **JUDICIAL CIRCUIT**<br>Berrien **COUNTY** | **JURY DEMAND** | **CASE NO. and JUDGE**<br>25-0375-PC<br><br>Judge Charles T. Lasata |

| **Court address** | **Court telephone no.** |
|---|---|
| 811 Port Street, St. Joseph, MI 49085 | |

| Plaintiff's/Petitioner's name<br>DAVID HUGHES, an individual, Pro Se, d/b/a InnovaRx, LLC | | Defendant's/Respondent's name<br>LENDINGCLUB BANK, N.A. |
|---|---|---|
| Plaintiff's/Petitioner's address and telephone no. or attorney name,<br>bar no., address, and telephone no.<br><br>9565 Holden Road<br>Baroda, MI 49101<br>█████-1963 | v | Defendant's/Respondent's address and telephone no. or attorney name,<br>bar no., address, and telephone no.<br><br>Serve: Corporate Service Company<br>2626 Glenwood Ave. Suite 550<br>Raleigh, NC 27608    1-800-242-0272 |

In the matter of David Hughes, InnovaRx, LLC v. LendingClub Bank, N.A.

1. I demand a jury trial.

12/12/2025
Date

Signature

Approved, SCAO
Form MC 22, Rev. 9/23
MCL 600.857(3), MCL 600.2529(1)(c), MCR 2.508, MCR 2.509, MCR 3.911
Page 1 of 1

Distribute form to:
Court
Plaintiff/Petitioner
Defendant/Respondent

SRA

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

| | | |
|---|---|---|
| **DAVID HUGHES, an individual d/b/a** | ) | |
| **INNOVARX, LLC,  a disregarded single-** | ) | |
| **member LLC,** | ) | **Case No. 25-0375-pc** |
| | ) | **Hon. Charles T. Lasata** |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LENDINGCLUB BANK, N.A.,** | ) | |
| | ) | |
|     **Defendant.** | ) | |
| | ) | |

BURR & FORMAN LLP
Samuel A. Morris (P76766)
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone (615) 724-3200
Email: smorris@burr.com
*Attorney for Defendant*
*LENDINGCLUB BANK, N.A.*

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant LendingClub Bank, National Association ("LendingClub"), hereby gives notice of the timely removal of this action to the United States District Court for the Western District of Michigan, Southern Division on January 2, 2026. A copy of the Notice of Removal is attached hereto as **Exhibit 1**.

Respectfully submitted this 2nd day of January, 2026.

                           */s/ Samuel A. Morris*
                           Samuel A. Morris, P76766
                           BURR & FORMAN LLP
                           222 Second Ave. S., Suite 2000
                           Nashville, TN 37201
                           Telephone: (615) 724-3200
                           Email: smorris@burr.com

                           *Attorney for Defendant*
                           *LENDINGCLUB BANK, N.A.*

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE COUNTY OF BERRIEN**

| | | |
|---|---|---|
| **DAVID HUGHES, an individual d/b/a** | ) | |
| **INNOVARX, LLC,  a disregarded single-** | ) | |
| **member LLC,** | ) | **Case No. 25-0375-pc** |
| | ) | **Hon. Charles T. Lasata** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LENDINGCLUB BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

BURR & FORMAN LLP
Samuel A. Morris (P76766)
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone (615) 724-3200
Email: smorris@burr.com
*Attorney for Defendant*
*LENDINGCLUB BANK, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this the 2nd day of January, 2026, I served a copy of the foregoing document on the following person(s) by United States mail and/or email:

DAVID HUGHES
9565 HOLDEN ROAD
BARODA, MICHIGAN 49101
*PRO SE*

*/s/ Samuel A. Morris*